IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MACHART, | CASE NO. 1:10-cv-02020 LJO DLB |
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| vs. | |
| ARVIN COMMUNITY HEALTH CENTER; CLINICA SIERRA VISTA; and AURORA T. REIMER-COLE, P.A., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Keith Machart ("Plaintiff") proceeds in propria persona and filed his complaint against defendants Clinica Sierra Vista, Arvin Community Health Center, and Aurora T. Reimer-Cole, P.A. ("Defendants") to pursue a medical malpractice claim. The claim arises from an allegedly inadequate level of medical care Defendants provided to Plaintiff. Because Defendants are all federally funded health care facilities or were in the employment thereof and acting within the scope of their employment at the time Plaintiff's claim arose, Plaintiff's claim is brought properly under the Federal Tort Claims Act (the "FTCA"). Under the FTCA, a Plaintiff must exhaust the available administrative remedies before bringing an action in federal court. Because Plaintiff failed to exhaust the available

administrative remedies, this Court DISMISSES this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

On September 17, 2009, Plaintiff filed an action against Defendants in Kern County Superior Court. Defendants removed the action to this Court on October 26, 2010.[1] Subsequently, on October 28, 2010, Defendants filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1). Defendants argue that the action must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to file timely a proper administrative claim.

In opposition, Plaintiff filed a document on November 15, 2010 titled "statement" (the "Statement") with a letter from the Department of Health and Human Services (the "Letter") attached. The Letter acknowledged that Plaintiff's "administrative tort claim with medical records was received [by the Department of Health and Human Services] on July 13, 2010." It also provided that:

> Upon receipt of the requested medical evidence, a medical review will be performed by an appropriate specialist to assess the merits of your . . . allegations. When the review process has been completed, you will be notified in writing. However, should the six month statute expire before the completion of the medical review, you may consider the administrative tort claim denied and file suit in the appropriate U.S. District Court (C.F.R. §35.2(b) and 28 U.S.C. §2675(a)).

According to the Statement, Plaintiff has not received any other correspondence, "such as a denial letter," from the Department of Health and Human Services. Defendants replied on November 30, 2010. Pursuant to local rule 230(g), this Court found the motion suitable for decision without hearing and issues the following order.

## STANDARD OF REVIEW

### Fed. R. Civ. P. 12(b)(1) review standards

Defendants contend that this Court lacks jurisdiction over Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. *Tosco Corp. v. Communities for Better Environment*,

---

[1] This is the second federal action on Plaintiff's claim. On June 15, 2010, Plaintiff initiated *Machart v. Clinica Sierra Vista,* 10-cv-01080 OWW JLT. That action was similarly dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Then, as now, the lack of subject matter jurisdiction was due to Plaintiff's failure to exhaust the available administrative remedies.

236 F.3d 495, 499 (9th Cir. 2001). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1675 (1994).

The court must also consider whether the motion to dismiss is "facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F. 3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In the facial attack, a party challenges subject matter jurisdiction by asserting that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In this case, the court must consider the allegations of the complaint as true. *See Thornhill Publishing Company, Inc. v. General Telephone & Electronics Corp.*, 594 F.2d 730 (9th Cir. 1979). In a factual challenge, the truth of the allegations, which would otherwise invoke subject matter jurisdiction, is challenged. In this circumstance, this Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).

**Sovereign Immunity**

Sovereign immunity is a jurisdictional bar to proceeding against the government. "[T]he United States may not be sued without its consent and the existence of such consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 211 (1983). Evidence of the government's consent must be unequivocal and may not be implied. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998). The government's consent to suit defines the jurisdiction of the court to hear an action against the federal government. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). The party asserting jurisdiction has the burden to establish all jurisdictional facts. *Indust. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

**DISCUSSION**

The FTCA "waives the sovereign immunity of the United States for actions in tort. The [a]ct vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Claims of medical

1  malpractice against federally funded health care facilities and their employees acting in the scope of their
2  employment must be initiated under the FTCA. 42 U.S.C. §233. The FTCA "provides that an 'action
3  shall not be instituted upon a claim against the United States for money damages' unless the claimant
4  has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993)
5  (quoting 28 U.S.C. §2675(a)). To have exhausted his administrative remedies, a plaintiff must have
6  filed an administrative claim and received a final determination of that claim. 42 U.S.C. §233(g). Only
7  after that administrative claim is denied or deemed denied, whichever comes first, may the claimant file
8  his action in federal court. 28 U.S.C. §2675(a). The purpose of the FTCA's claims-filing requirement
9  is "to encourage administrative settlement of claims against the United States and thereby to prevent an
10 unnecessary burdening of the courts." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (quoting
11 *Jerves v. United States*, 966 F.2d at 520).

12 The requirement of administrative exhaustion is jurisdictional and cannot be waived. *Brady*, 211
13 F.3d at 502. Strict compliance with its provisions is required. *Cadwalder v. United States*, 45 F.3d 297,
14 300 (9th Cir. 1995); *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We
15 have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted
16 strictly. . ."). When a civil action is filed before the underlying administrative claim has been denied or
17 deemed denied pursuant to 28 U.S.C. §2675(a), the Court has no jurisdiction and the matter must be
18 dismissed. *See McNeil* 508 U.S. at 111-12; *see also Jerves*, 966 F.2d at 518-19.

19 This Court lacks proper jurisdiction over this action because Plaintiff has failed to exhaust the
20 available administrative remedies. According to the Letter, Plaintiff's administrative claim was received
21 by the Department of Health and Human Services on July 13, 2010. As of yet, there has been no final
22 determination of that claim. Plaintiff has not received notice that the claim has been denied, according
23 to the Statement, nor has six months passed since the claim was received. As mentioned above, when
24 a civil action is filed before the underlying administrative claim has been denied or deemed denied, the
25 court has no jurisdiction and the matter must be dismissed. The Statement and Letter establish that
26 Plaintiff has failed to exhaust his administrative remedies. Accordingly, this Court lacks subject matter
27 jurisdiction and this action must be dismissed.

28

**CONCLUSION**

For the foregoing reasons, this Court DISMISSES Plaintiff's claim and DIRECTS the clerk of court to close this action.

IT IS SO ORDERED.

**Dated:   December 10, 2010**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE